**Joe LOPEZ, Plaintiff—Appellant,**

v.

**E.I. TELL, in individual capacity; et al., Defendants—Appellees.**

No. 04–55872.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 23, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Joe Lopez, FSP—Folsom State Prison, Represa, CA, Pro se.

Theodore B. Zinger, Molly S. Murphy, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants—Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Joe Lopez, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs by failing to properly treat his dissecting cellulitis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003), and we affirm.

■ The district court properly granted summary judgment for defendants on the grounds of qualified immunity because Lopez failed to raise a genuine issue of material fact as to whether it would be clear to a reasonable doctor under the circumstances that a delay in Lopez's scalp surgery would pose a substantial risk of serious harm. *See Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049–50 (9th Cir. 2002) (holding that a prison official may be entitled to qualified immunity where he has a reasonable, but mistaken, belief about the facts or about what the law requires in a given situation).

■ At most, Lopez raised an issue as to whether the prison doctors' decision to delay surgery constituted medical negligence, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, " 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference."

The district court properly rejected Lopez's motion to alter or amend summary judgment because although it may have been timely under the "mailbox rule," it lacked proof of service. *See* Fed.R.Civ.P. 5(d).

Lopez's motion for default judgment is denied.

Lopez's motion to file a late reply brief is granted. The clerk shall file the brief received on February 2, 2005.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.